# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>                            Plaintiff,<br><br>v.<br><br>ENNISS FAMILY REALTY I LLC, A CALIFORNIA LIMITED LIABILITY COMPANY; ENNIS INC., A CALIFORNIA CORPORATION; AND DOES 1-10,<br><br>                          Defendants. | Case No.: 20-CV-0298 W (JBL)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [DOC. 9]** |

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint, arguing that the Court should decline supplemental jurisdiction over Plaintiff's state law claim. (*Defs.' Mot.* [Doc. 9-1.].)  Plaintiff filed its Opposition after the hearing date of May 31, 2020. (*Pl.'s Opp'n* [Doc. 12].)  As a result, Plaintiff's late-filed Opposition is disregarded.

The Court decides the motion on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons that follow, the Court **GRANTS** Defendants' motion.

## I. BACKGROUND

Plaintiff Scott Schutza, a California resident, is a paraplegic who uses a wheelchair for mobility. (*Compl.* [Doc. 1] ¶ 1.) According to PACER, Plaintiff has filed 35 accessibility lawsuits in the Southern District in the 12 months prior to filing the present lawsuit. Thus, Plaintiff is a "high-frequency litigant" under sections 425.50 and 425.55 of the California Code of Civil Procedure.

Defendants Enniss Family Realty I LLC and Enniss Inc. own and operate a recycling facility located in Lakeside, California. (*Compl.* [Doc. 1] ¶¶ 2–5.) Plaintiff alleges Defendants' facility is "open to the public, a place of public accommodation, and a business establishment." (*Id.* ¶ 11.)

On unspecified days in January and February 2020, Plaintiff went to Defendants' facility intending to partake in its services and determine if Defendants complied with disability access laws. (*Id.* ¶ 10.) Plaintiff alleges he personally encountered Defendants' failure to provide Americans with Disabilities Act ("ADA") compliant wheelchair accessible parking and wheelchair accessible paths of travel, which denied him "full and equal access" to the facility and resulted in personal difficulty and discomfort. (*Id.* ¶¶ 12, 14, 17, 18.)

On February 18, 2020, Plaintiff brought this suit. (*Compl.* [Doc. 1].) Plaintiff alleges that, by violating the ADA, Defendants also violated California's Unruh Act. (*Id.* ¶¶ 23–35.) Plaintiff requests injunctive relief under the federal ADA and the state Unruh Act, damages under the Unruh Act, and reasonable attorney's fees, litigation expenses, and costs of suit. (*Id.*)

## II. LEGAL STANDARD

Federal district courts have supplemental jurisdiction over state law claims that form part of the same case or controversy as claims over which they have original jurisdiction. 28 U.S.C. § 1367(a). However, "district courts may decline to exercise supplemental jurisdiction" if: (1) "the claim raises a novel or complex issue of State law;"

(2) the claim "substantially predominates" claims over which the district court has original jurisdiction; (3) "the district court has dismissed all claims over which it has original jurisdiction;" or (4) "there are other compelling reasons for declining jurisdiction." § 1367(c).

Considerations of judicial economy, fairness to litigants, and comity underly § 1367(c) determinations. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). If those factors are absent, courts should hesitate to exercise supplemental jurisdiction. Id.

### III. DISCUSSION

Defendants ask the Court to decline to exercise supplemental jurisdiction over Plaintiff's derivative state law Unruh Act claim. The request requires an examination of the pertinent parts of California's Unruh Act.

Under the Unruh Act, all persons are "free and equal," and no matter their disability "are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments." Cal. Civ. Code § 51(b). In enacting the Unruh Act, the state Legislature intended to strengthen state law where it was weaker than the ADA and to retain state law where it provided more protection than the ADA. See Cal. Civ. Code § 51. Thus, the Unruh Act provides that a violation of the ADA necessarily constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

A key distinction between the ADA and the Unruh Act is the ADA only allows injunctive relief, while the Unruh Act allows injunctive and monetary damages. Compare Cal. Civ. Code § 52(a), with Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002). While an Unruh Act claim generally requires proof of intent, a plaintiff is entitled to the Unruh Act's monetary damages if they establish an ADA violation as the basis for their Unruh Act claim. Munson v. Del Taco, Inc., 46 Cal. 4th 661, 670 (2009).

In 2012, the California Legislature enacted legislation requiring heightened pleading standards for Unruh Act cases. Cal. Civ. Proc. Code §§ 425.50-55. In 2015, the California Legislature implemented additional procedural requirements for high-

frequency litigants.  These plaintiffs must pay an additional $1,000 filing fee and plead more specifics, such as "the reason the individual was in the geographic area of the defendant's business."  Cal. Gov't Code § 70616.5; Cal. Civ. Proc. Code § 425.50(a)(4)(A).  In passing the legislation, the California Legislature noted that the financial incentive available under the Unruh Act has given rise to an industry of litigants and law firms whose goal is not to correct accessibility violations, but to extract "quick cash settlements" from "small businesses on the basis of boilerplate complaints."  Cal. Civ. Proc. Code § 425.55(a)(2).

With this context in mind, the Court exercises its discretion to decline supplemental jurisdiction over Plaintiff's Unruh Act claim for two reasons.  First, the claim "substantially predominates" over the ADA claim.  See 28 U.S.C. § 1367(c)(2).  Plaintiff's complaint states a federal claim for violation of the ADA and a state law claim for violation of the Unruh Act.  Although the ADA does not entitle Plaintiff to recover damages, the complaint seeks them under the Unruh Act—even though the Unruh Act provides for the same injunctive relief available under the ADA.  See Schutza v. Cuddeback, 262 F. Supp. 3d 1025, 1031 (S.D. Cal. 2017) ("It is unclear what advantage—other than avoiding state-imposed pleading requirements—Plaintiff gains by being in federal court since his sole remedy under the ADA is injunctive relief, which is also available under the Unruh Act."); see also Molski v. EOS Estate Winery, No. CV 03-5880-GAF, 2005 WL 3952249, at *4 (C.D. Cal. July 14, 2005) (noting that "[s]ince the state law claims provide for injunctive relief, the federal claim adds nothing to the lawsuit that could not be obtained in Superior Court").  Thus, the ADA claim appears to be a secondary claim used to justify filing in this Court.  As such, the state claim substantially predominates over the ADA claim.  See Feezor v. Tesstab Operations Grp., Inc., 524 F. Supp. 2d 1222, 1224 (S.D. Cal. 2007) ("Given the disparity in terms of comprehensiveness of the remedy sought, state law claims substantially predominate over the ADA for purposes of 28 U.S.C. § 1367(c)(2)."); Org. for the Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F. Supp. 2d 1120, 1131 (S.D. Cal.

4

1  2005) (finding that disparity between monetary damages and injunctive relief lifts state
2  claims over federal claims).

3    Second, principles of comity and fairness weigh heavily in favor of declining
4  supplemental jurisdiction. See § 1367(c)(4) (granting courts discretion to decline to
5  exercise supplemental jurisdiction where "there are other compelling reasons" for doing
6  so). As noted above, considerations of judicial economy, fairness, and comity underly §
7  1367(c) determinations. United Mine Workers, 383 U.S. at 726. Here, Plaintiff is a
8  high-frequency litigant who would have to abide by heightened pleading standards of
9  veracity, specificity, and special fees if his claims were filed in state court. §§ 425.50-55.
10 Allowing Plaintiff to bootstrap his Unruh Act claim onto an ADA claim for the sole
11 purpose of avoiding California's procedural rules would allow Plaintiff the enjoyment of
12 those parts of California law that benefit him while disallowing the parts purposefully
13 enacted to protect Defendants. Further, there is no risk the parties will be unfairly
14 burdened by inconsistent orders. Success in either or both courts will lead to the same
15 result: the access barriers will be remedied.

16    Therefore, the principles of comity and fairness, in conjunction with the state law
17 claim's predominance, oblige this Court to decline supplemental jurisdiction over
18 Plaintiff's Unruh Act claims.

### IV. CONCLUSION & ORDER

Defendants' Motion to Dismiss Plaintiff's Unruh Act claim is **GRANTED** and the claim is **DISMISSED** without prejudice. [Doc. 9.] Defendants shall file an Answer or otherwise respond to the ADA claim no later than **14 days from the filing of this Order**.

**IT IS SO ORDERED.**

Dated: June 18, 2020

Hon. Thomas J. Whelan
United States District Judge

5